USDC IN/ND case 3:20-cv-01042-DRL-MGG document 5 filed 11/17/20 page 1 of 16

20D04-2011-CT-000249  Filed: 11/17/2020 5:08 PM
                                                              Clerk
Elkhart Superior Court 4                                  Elkhart County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ELKHART SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ELKHART | ) | CAUSE NO._____ |
| | | |
| JOSHUA HORNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EYEMART EXPRESS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Joshua Horner alleges against the Defendant that:

1. Plaintiff Joshua Horner alleged against Defendant Eyemart Express, LLC, that he was discriminated against, retaliated against, and discharged on account of his sex (male) and for reporting sexual harassment in the workplace, as set forth in his Charge of Discrimination No.: 470-2020-02485, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit A. The Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights/Notice of Suit Rights on September 21, 2020 (Exhibit B), and this Complaint has been filed ninety (90) days after receipt thereof.

2. The Defendant Eyemart Express, LLC is headquartered at Eyemart Express, Ltd., 13800 Senlac Drive, Farmers Branch, Texas 75234. Plaintiff worked at the local Eyemart Express at 4542 Elkhart Road, Suite 100, Elkhart, Indiana 46526. The registered agent for Eyemart Express is C T Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

–1–

3. Plaintiff Joshua Horner is a male who was employed at Eyemart Express in December of 2019 when he began to receive complaints from multiple employees (females) that they had been sexually harassed by Defendant's General Manager Craig Ceasar and soon thereafter Plaintiff reported the employees' complaints of sexual discrimination and harassment to Brian Peek, Senior Employee Relations Manager for Defendant and Brenda Mora, Defendant's District Manager for the local area. Both Peek and Mora told Plaintiff to keep quite about the employees' complaints.

4. After reporting the employees' complaints, management began to treat Plaintiff in a hostile and discriminatory manner. Plaintiff attempted to email Peek on February 16, 2020, but Peek responded that he did not what to discuss the situation any further and did not want to know anything else but that Mora would talk to the Plaintiff. But on March 3, 2020, Mora told the Plaintiff that he was terminated. The alleged reason for termination was that Plaintiff allegedly posted something on Facebook that had violated Defendant's social media policy, but this reason was false and pretextual as Plaintiff did not make the posting in question. Plaintiff claims that Defendant's proffered reason for firing him was pretextual, false, fictitious, and lie -- and that the real reason for terminating Plaintiff was that he reported the sexual harassment which was unlawful.

5. As a direct result of Defendant's intentional termination of the Plaintiff which was in reckless disregard of the Plaintiff's federally protected civil rights, Plaintiff lost his job and job-related benefits including income. Plaintiff also experienced emotional distress, mental anguish, inconvenience, humiliation, embarrassment, and other damages and injuries. Plaintiff seeks both compensatory damages and punitive damages.

6. Plaintiff brings this case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

WHEREFORE, Plaintiffs pray for judgment against the Defendant, for backpay, front pay, compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

                                      Respectfully submitted,

                                      **CHRISTOPHER C. MYERS & ASSOCIATES**

                                      /s/Christopher C. Myers
                                      Christopher C. Myers, #22818-02
                                      809 South Calhoun Street, Suite 400
                                      Fort Wayne, IN 46802-2307
                                      Telephone: (260) 424-0600
                                      Facsimile: (260) 424-0712
                                      Email: cmyers@myers-law.com
                                      *Counsel for Plaintiff*

11:27:39 a.m. 05-12-2020   3
MAY/12/2020/TUE 12:00 PM        Equifax NO.   905

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 5-12-2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 470-2020-02485 |

Equal Employment Opportunity Commission                               and EEOC
_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Joshua Horner | 260-232-2880 | ▓▓▓▓ |

| Street Address | City, State and ZIP Code |
|---|---|
| 7553 W. Snyder Road, | Warsaw, IN 46580 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Eyemart Express | 500+ | (574) 538-4236 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4542 Elkhart Road, Suite 100 | Elkhart, IN 46526. |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
PREGNANCY
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[X] OTHER (specify) Harassment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/2/2020   Latest: 3/3/2020
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  Complainant Joshua Horner, who was a qualified employee of the Respondent's at all material times to this Charge of Discrimination. The Complainant contends that the Responded discriminated against him on account of his sex (male) and retaliated against him for objecting to sexually discriminatory conduct on the part of the employer, in violation of the Complaint's federally protected rights Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq. ("Title VII.)

II. The Respondent is Eyemart Express, a company doing business at 4542 Elkhart Road, Suite 100, Elkhart. IN. 46526. At all material times to this Charge the Respondent was an "employer "for the purposes of Title VII.

III. The Complaint was employed by the Respondent from April 16, 2016 until on about March 4, 2020, and most recently worked at the Defendant's store at 4542 Elkhart Road, Suite 100, Elkhart, IN.
The Complainant was a lab manager at the time of separation from employment and performed within the Respondent's reasonable expectations at all material times.

IV. Beginning in December 2019, the Complainant began receiving complaints from multiple employees that they had been sexually harassed by the Respondent's General Manager Craig Ceasar.

V.  Since January 2020, Complainant reported his employee's complaints of sexual discrimination and harassment to Bryan G. Peek the Senior Employee Relations Manager and Brenda Mora, the Respondent's District Manager.

EXHIBIT A

MAY/12/2020/TUE 12:01 PM                FAX No.                                              P. 006

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 5-12-2020

| | | |
|---|---|---|
| VI. | Peek and Mora told the Complainant to keep quiet about the employees' complaints. They also told the Complainant that his concerns regarding the employee reports would not be shared with the General Manager. | |

VII. After the Complainant communicated the employees' reports to Peek and Mora, the General Manager's behavior towards the Complainant became hostile.

VIII. The Complainant emailed Peek on February 16, but Peek responded that he did not want to discuss the situation with the Complainant and did not want to know anything else, but that Mora would talk to the Complaint.

IX. On March 3, 2020 Mora informed the Complainant he was terminated. The proffered reason for termination was that allegedly the Complainant had posted something on Facebook that violated the Respondent's social media policy. The alleged posting was reportedly something critical of the current U.S. president, but the Complainant had not made the posting in question.

X. The Complainant contends that the Respondent's proffered reason for terminating him was false, fictitious, and pretextual, and the real reason he was terminated was in retaliation for reporting and objecting to the unlawful, sexually harassing and sexually discriminatory conduct of his General Manager.

XI. The Respondent's discriminatory, harassing and retaliatory conduct towards the Complainant was the direct and proximate cause of the Complainant's loss of his job- and job-related benefits including income, and also subjected the Complainant to inconvenience, emotional distress, mental anguish, and other damages and injuries. The Complainant is entitled to obtain compensatory damages, and reasonable attorney fees and costs against the Respondent.

XII. The Respondent's unlawful, harassing, discriminatory and retaliatory conduct was intentional, knowing, willful, wanting, and in reckless disregard of the Complainant's federally protected rights under Title VII. The Complainant is entitled to recover punitive damages against the Respondent.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

5-12-2020

Date                Charge Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

5-12-2020

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20 2024

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Elkhart Superior Court 4

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Joshua Horner<br>7553 West Snyder Road<br>Warsaw, IN 46580 | From: Indianapolis District Office<br>101 West Ohio Street, Suite 1900<br>Indianapolis, IN 46204 |

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2020-02485 | Frederick J. BruBaker,<br>Enforcement Supervisor | (463) 999-1148 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Michelle Eisele,
District Director

21 September 2020
*(Date Mailed)*

Enclosures(s)

cc:
EYEMART EXPRESS LLC
c/o Bryan G. Peek
Senior Employee Relations Manager
13800 Senlac Drive, Suite 200
Dallas, TX 75234

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802



EXHIBIT
B

Enclosure with EEOC